just changed chairs I assume here. Okay, Mr. Lowry, if you're prepared we're ready to hear from you and we thank you for accepting the appointment under the Criminal Justice Act. Thank you, your honor. I am Jeremy Lowry. I represent Marcus DeAngelo Jones. Mr. Jones was convicted under 18 U.S.C. section 922a6 as a felon in possession of a firearm. The issue before the court involves the extent of retroactivity of the United States Supreme Court case of Rahif versus United States. And there are a couple of opening facts that I think are important. One is that the district court found that the parties had agreed that Rahif, and I quote, narrows the class of persons that the law punishes under 922g and 924a and is retroactive on initial collateral review. The circumstance we find ourselves in here is a situation in which Mr. Jones filed a petition under 28 U.S.C. section 2241. In other words, he filed a habeas corpus petition rather than a 2255 position. We can see that this under 2255 would have constituted a successor under the 2255 rules if it does not fall in an exception. He's filed multiple 2255 petitions off of this conviction. The question, there are a couple of questions, but they all stem from what's which is found in subsection E, which permits, and I'm just going to read this, it permits an action under 2241 if it appears that the remedy by motion under 2255 is inadequate or ineffective to test the legality of the detention. Our position is that Mr. Jones' conviction, and I'll back up and discuss his conviction here, his conviction occurred without any finding, without any charge, without any instruction to the jury, and without any finding that he knowingly as a felon possessed a firearm. Raheef creates an intent element for the knowing possession of a firearm statute, and there's no jury instruction, there's no finding. In fact, the 8th circuit in his original appeal found in footnote 5 that no evidence of knowledge that he was a felon was required in order to obtain a conviction at that point under the statute. There is currently an almost complete circuit split on the issue of whether this type of issue falls under the We have contended that this particular problem, this is a problem in which there's no no jury finding beyond a reasonable doubt of the element, no opportunity to find it, no opportunity to fully litigate it, falls in a special category that for which this particular exception was specifically designed. If we go all the way back to 1971, when we start talking about issues of sub-successor habeas and finality, Justice Harlan wrote a concurrence in Mackey v. United States, that's 401 U.S. 667, in which he, and it's one that's cited by the majority in that case with approval, and I will concede it's dicta, but it certainly influences subsequent successor petition case law in which he said that there is little societal interest in permitting the criminal process to rest at a point where it ought properly never to repose. In other words, Justice Harlan presented a narrow class of cases under a concept of substantive due process that were accepted from successive petition finality jurisprudence. Our contention is that subsection E is Congress's move to, in statute, formalize exactly that exception, that in other words, this is a situation in which we are not testing the facts of his, we're not testing actual innocence per se. Actual innocence is provided for in subsection H, and it's also provided for in another subsection of section 2244, the Kuhlman-Schlute v. Delo actual innocence type provisions. Our contention is that this subsection E is a carve out for exactly the kind of substantive due process problem we have here. This is an Enri Winship core problem. You're entitled to have a jury find beyond a reasonable doubt each element of the offense. I would point 2255. It says you can't bring a 2244 action except as provided in section 2255. Our contention is that that except refers exactly to the subsection E that permits you to bring a 2241 action where there is an inadequate or ineffective process to test the legality of the detention. So why is 2255 inadequate or ineffective other than the fact that the state of the law might have been different at the time? And your honor, I think that's the core issue here, is what the word ineffective or inadequate means. There's been some discussion of the concept of futility. In other words, there's a U.S. Supreme Court case called Boosley, which the Supreme Court opines that futility is not cause for delay. Our contention is that, first of all, at Boosley, futility involves a different kind of procedural bar. It involves a plea agreement bar, which requires cause and prejudice to get by. But the position that I would take here is that because Congress included this language, it has to encompass something. It's not a throwaway provision. If one looks at what else has been included as an exception, this is what's left. This kind of claim. And it looks just like the kind of claim Justice Harlan is saying doesn't equate with finality concerns. In other words, that a situation in which somebody is convicted of a crime where an element of the offense is not found at all is exactly the kind of substantive due process issue that would render the prior process ineffective. The prior process didn't give him... I know the Supreme Court found later that this element was required, but we've cited some case law, and I apologize, I don't have it exactly on tap, that indicated that that is because it was decided, it is the state of the required at the time. How do you reconcile, though, your argument that 2241 would allow this, which is essentially you're asking for sort of a retroactive application of a statutory interpretation, when 2255 only allows repeated habeas when it's a retroactive constitutional change? And I understand that is the Teague versus Lane question. Is this a new rule of constitutional law? And, Your Honor, I... I mean, this clearly is not. Rehafe is not, right? No, and we're not contending it falls under Teague. I don't believe, I don't, I agree with Your Honor, I don't believe we can contend that it's a new rule of constitutional law. What we are contending is that it is a part of a narrow class of substantive constitutional statutory interpretation, and I know that sounds odd, but there is case law that indicates that where the Supreme Court interprets a statute to include an element, that that is part of that narrow class that narrows the class of persons that the law punishes. And I would argue that there's really not any other provision for that under 2255, and that subsection E appears to be exactly the provision for that kind of situation. And the only question becomes, honestly, from a standpoint of claim preclusion, if we're talking about waiver, which is ultimately what we're talking about when we talk about 2255 and successive petitions, what we're saying is that we've adopted waiver jurisprudence and Congress has adopted waiver jurisprudence in order to assure finality in criminal convictions, that that's the balance that we make. And what we are saying is that there is a narrow class of cases in which that balance does not apply, and that this is exactly that class, a class in which you are convicted of a crime that doesn't exist. In other words, he was convicted of possession of a firearm, whereas he should have been convicted of knowing possession of a firearm, in other words, knowing that he was a felon in possession. Council, a question for you. Since Mr. Jones is trying to take advantage of the of the change in the law or the change in the interpretation of the statute under rehab, does it make any difference that there was another conviction at the same time as the felon in possession, and that was the conviction for making false statements to acquire a firearm, and that Mr. Jones, in fact, testified about that and testified that he knew he had been convicted of a felony and, in fact, agreed he had been convicted of five separate felonies, and also that he admitted to serving prison sentences for these for these felonies? Does that undercut his position? Factually, if that's all there is, it certainly feels that way. I would submit, though, that there are a couple of caveats to that. First of all, Mr. Jones, and this is interesting because he did present some evidence at his original trial to the effect that he didn't know he was a felon. Now, I don't believe this was fully developed at trial because, and I'll note the prosecution argued at the end of trial that you don't have to find that he knew that he was a felon, so it was sort of a side trial, and the Eighth Circuit sort of bore that out in the footnote to his direct appeal. With regard to his knowledge of his felony status, the defense that he presented at trial was that he knew that he had been convicted. His understanding was that he had been expunged. Now, there wasn't a lot of development at that trial, and frankly, I'll be honest with you, there's not a lot of development in that in the record. What we have is essentially a swearing contest. It's an issue of credibility between two or three witnesses at trial, a police officer, the pawn shop owner who sold the gun, and Mr. Jones, but ultimately, we would contend that under these specific circumstances, nobody ever made that credibility determination. The jury never made that credibility determination. With regard to the name, the jury could have found he presented a false name and not found anything else, and that would have supported that conviction for that other conviction, but one of the reasons that we present this case the way we're presenting it is that there's really no dependable trial record where you can go back and say the jury made credibility determinations, the jury made a determination of whether he did this or not because it wasn't ever presented to them at any stage, and so our argument would be that, yes, there might be some concern as far as how that was presented or what was presented at trial, but Mr. Jones' trial counsel would not have been particularly interested in the issue of knowledge of whether he was a felon or not, not at a fundamental core strategic level because it wasn't an element of the offense at the time, as stated. Mr. Lowry, you're into your rebuttal time. Would you like to reserve? Yes, Your Honor. Thank you. Very well. Thank you. Ms. Mazzanti? Yes, Your Honor. May it please the court. My name is Stephanie Mazzanti, and I represent the theopoly in this case, the warden of FCC Forest City. This court should affirm the dismissal of Marcus Jones' petition under 28 U.S.C. section 2241 for lack of subject matter jurisdiction because Jones had the opportunity to test his conviction in his direct appeal and in his initial 2255 petition. Jones has failed to meet his burden of establishing that section 2255 is inadequate or ineffective, which is required by the saving of the 10th and 11th circuits in Prost and McCarthan, and considering the application of the saving clause because the analysis in those cases demonstrates the flaws in the opinions and tests that are issued by the other circuits, and it stays true to the text of the actual statute. Okay. Help me right there. The first is different. What other circuit does not agree with 10 and 11? All of the other circuits. The 8th circuit has not definitively adopted a test, but all other circuits afford some manner of 2241 relief when you have a new rule of statutory construction that is retroactive on collateral review. Can you number them? I mean, 2nd, 4th, 6th, 8th? 1 through 7, and then 9 through, and then the 9th and the D.C. circuits. So every other circuit's addressed this point blank? Every other circuit has indicated that they are in accord with affording 241 relief. They do tend to require some form of actual innocence. The courts are a little inconsistent, frankly. There's a bit of a plurality out there, I would call it, of how they deal with these cases, but the actual innocence that many of the courts require is actual innocence under Boosley, which is not legal innocence, but factual innocence. And so that's our 2nd point on appeal. With respect to our 1st point, that the court didn't have subject matter jurisdiction, the government's position is that 2255E, under the plain language of the statute, guarantees only an opportunity to test or to try, and it doesn't guarantee any sort of relief or any sort of probability of success. And in this case, we have a petitioner who has a case that's over 20 years old. He's had more than ample opportunity to challenge his conviction and sentence. He filed a direct appeal, this court affirmed. He filed an initial 2255. This court granted him some limited relief on one of the two felony possession counts, and then he brought a 2nd appeal to this court, where this court again affirmed his case. And then, as is noted in the government's brief, he's filed a very large number of motions with various district courts, the Supreme Court, and this court, relating to both of his cases, including the drug case where he has a concurrent term of 327 months in prison, but he's also serving. And even the Supreme Court has noted that he has abused their process. And so he is really the prime example of abuse of process here, which is something that Congress considered in enacting the ADPA. Congress was concerned with burdening the courts with multiple successive petitions and frivolous claims whenever they enacted the provisions that limited it to a single petition and then successive petitions on a very limited basis under 2255H. And Congress did so for a very good reason. I would also note that if the court were to open up 2241 to retroactive statutory construction claims, it puts it at odds with 2255H because Congress chose to specifically enumerate only two categories where a petitioner gets a successive claim. And to hold that 2241 gets around that is in direct contradiction to Congress's stated aim. And really, that's a question for Congress. If Congress wanted to add a third exception under 2255H, it could. It has chosen not to do so. And really, that's Congress's choice. And as the courts in the 10th and 11th circuits found, it's not for this court or any other court to rewrite the statute and expand access under section 2255. That's Congress's choice, and Congress has made its choice. In addition, Your Honor, I would note there are a number of practical issues that expanding 2241 relief to challenge the substance of a conviction poses. Number one, you don't have a statute of limitations in effect if you allow this sort of substantive challenge to occur. Number two, if this court were to grant relief under 2241 trying to bring a case that's over 20 years old back to trial, there's obvious issues where you have destroyed evidence, you have testimony that may be not available anymore. And not this case particularly, but if you have a victim in a case, you know, if you open this up to petitioners in all cases under 2241, it's going to be impacting victims of very serious crimes, potentially. Boy, boy, counsel, aren't your last two or three points for Congress? Because they're the ones who the remedy by motion is inadequate or ineffective. You get to go back to square one. Well, Your Honor, my position is that Congress considered all these practical difficulties when it chose to implement 2255 in the ADPA. Congress took into account, that's really the whole point of 2255, is because they saw the problem with trying to have a court that sometimes states and across the country deal with the substance of a conviction. That is really, you know, you have the BOP defending a case on the substance and the merits of the trial when it really should be dealt with in the district of conviction. And that's why 2255 was enacted in the first place. And that's clear from all the cases that discuss the history of 2255. You also have a problem, practically speaking, with having 2241 claims in multiple districts. And then you have the potential of all this confusion, duplicative effort, and then you also could end up with inconsistent results. You could have one court, you know, in one district say one thing in terms of whether relief is adequate or effective, and then a different court say something different. And so 2241 really gives a petitioner virtually unlimited access to the court, which is not Congress's intent in the 2255 statute. It also does undermine the logic of the VINI provision that was effected by 2255, and where you have the U.S. Attorney's Office who participated in the trial and the sentencing, really they are the appropriate office to handle a challenge to that conviction and sentence, as opposed to other 2241 challenges related to the good time credits and things like that that are allowed under 2241. That makes sense for the warden to defend those claims. It doesn't make sense for the warden to try to defend whether someone is actually innocent or not of an underlying conviction. It really is better for the court of conviction to deal with that. It also would undermine the finality of judgments. Here, like I said before, we have an over 20-year-old case, and it has an adverse impact on judicial resources, victims, and witnesses whenever you undermine finality. And so the court should take that into account in declining to expand 2241 jurisdiction in this way. Ms. Exante, do you think we need to address actual innocence to resolve the jurisdiction question? No, Your Honor. I think that the court could affirm the subject matter jurisdiction and find that there is no subject matter jurisdiction in this case as was held by the Eastern District Judge. However, if the court determines that some sort of actual innocence analysis is required in this case, I think what the court previously mentioned or alluded to is very telling. This isn't a case where we have some question about the defendant's guilt or innocence as to the element that was not included in the instructions. Here, he confessed during his testimony. He said, he was asked, were you aware that you had been convicted of a felony? And they're referring to the time he filled out the application for the firearm, and his answer was, yeah. Yes, he was aware of that. He also told Officer White, as is reflected in the prior 8th Circuit Jones opinion, that he knew he wasn't supposed to have a gun. And we don't even have to prove that. That's actually one step further than what we have to prove. And so he told Officer White he knew he wasn't supposed to have a gun. And then the trial transcript reflects that at page 189 of Volume 1. And it's also reflected in the prior opinion. It seems that really, no real question of actual innocence here, where you have a confession on the stand and a prior confession to the officer as to the element that's at issue. And again, the test for actual innocence under Boosley is not legal innocence. It is actual, dictate that the defendant would still be guilty of this offense. So there would be no miscarriage of justice or anything to that effect. I think that it's also telling that if the court were to open 2241 and apply some other standard, it could potentially put 2241 petitioners in a better position than somebody who actually brings this on direct appeal. This court, in reviewing other opinions that have been issued by this court, like in Hollingshed, those opinions, if you pretended for a second that Mr. Jones had brought this claim on direct appeal, he wouldn't win under the plain error standard that we have imposed in those cases. And so really, it's inappropriate to give him a better standard of review in 2241, as has been advocated by Mr. Jones' counsel. Counsel, talking about the factual innocence aspect of this, does it make any difference that he also testified that he thought his convictions were expunged or may have been, the opinion says, may have been wiped out? Whenever you read the entirety of his testimony, what he essentially tries to say, and not very convincingly, obviously, is that he tries to say that, well, he kind of thought maybe it was expunged, but he didn't actually check on it, and he thought it was probably automatic. But that doesn't really square with his statement to Officer White at all, that he knew he was prohibited from possessing a gun, and his testimony earlier, where he talks about how, well, were you aware that you'd been convicted of a felony whenever he filled out the application, and he says yes. And so whenever you look at the totality of the trial transcript, there's not a valid actual claim here. You have somebody, and keep in mind, please, that this is an armed career criminal. This is not somebody with like one conviction, or like he had pled but not been sentenced like in another case that the Eighth Circuit had on a Rahif issue. This is a case where we have, the Eighth Circuit previously mentioned a possibility of like 11 prior felonies, but we have five felony convictions at least mentioned in the trial record. And so you have a guy who also served more than one year imprisonment. He had multiple three-year terms of imprisonment imposed upon him. And so this is not somebody who can reasonably be said to have been unaware that he had been convicted of a crime punishable by more than a year because he spent more than a year in jail. And this court's opinions in Hollingshed, and virtually all the cases thereafter, but for two that are completely distinguishable factually, this court has consistently held that whenever those are your facts, then you don't get relief even on a direct appeal plain error review. And so this court shouldn't put Mr. Jones in a better position than somebody who brings his claim on direct appeal and should treat him consistently in terms of the actual innocence claims that he is attempting to raise. I also would point out that this court's precedent supports the government's conclusions. In this case, you know, we have Hill versus Morrison that talks about how 2255 is not inadequate or ineffective whenever you just have kind of procedural bars or statute of limitations issues. Abdullah is not inconsistent with this, the government's position being advocated in this court cited in Lee versus Sanders, they cited Prost in finding that there was no subject matter jurisdiction. And so while those are not exactly on point, because this is an issue of first impression, we submit that the fine in the government's favor would not be inconsistent. In addition, your honor, I would point out that defense counsels raised clear statement rules. There are no constitutional implications to finding in the government's favor here. And the 10th Circuit and 11th Circuit kind of touched on those in their opinions a bit. But defendant doesn't have any due process right to post-conviction remedies as the Supreme Court has indicated. Under Felker versus Turpin, there is no suspension clause issue that's already been litigated as to the ADPA, although in the state context. And also, it really, there's a separation of powers concern if this court is to override what Congress clearly chose to do in enacting 2255H to place limits on successive petitions. And so, for all the reasons that I've stated here today, and for those set forth in the government's brief, we request that this court affirm what the district court, the district court's dismissal of the petition in this case. Thank you, Ms. Mazzanti. Thank you, your honor. Mr. Lowry, your rebuttal. I got a couple of quick points here, your honor. First of all, I don't believe plain error review requires actual innocence. I think that's going to be a Breck v. Abramson more likely than not harmless error standard. So, at least, even if we go back to that plain error argument they're making, I don't think actual innocence is the standard. With regard to the fact arguments, again, the statement she states about being made to the officer, that goes back to that witness credibility determinations that were never made here. With regard to opening the floodgates, and I want to address this for just a second, we are arguing for a very narrow class of cases. This is a case in which my client was convicted without as required by Henry Winship, and I would say that is absolutely of constitutional dimension. Without proof beyond a reasonable doubt of an element of the crime. It wasn't charged, it wasn't instructed, no one to date has made a finding factually about whether he knew or did not know that he was a felon at the time he brought the firearm. I understand he said I'm a felon in the transcript, but then he said I believed, and he talks about that for about two pages. It's transcript two, and I think it's on 218, the second transcript. He talks about his understanding at the time he was convicted, whether he would be entitled to an expungement after a certain amount of time. I also am not certain that all of those convictions in terms of date and time frame are established anywhere in the record. I haven't been able to find most of them, but I believe a lot of them are concurrent, and so with regard to those issues, we would argue that there are still factual issues in play in terms of harmless error. We would argue that because of the nature of the circumstance, and I'm sorry, I'm out of time, if I may finish my sentence. Finish your sentence, please. Okay, and in terms of the circumstance, this is a core constitutional issue relating to proof beyond a reasonable doubt. Thank you, your honor. Thank you, counsel. We appreciate your appearance and briefing. Case is submitted, and we will decide it in due course.